```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PALL CORPORATION,

                    Plaintiff,
                                        ORDER ADOPTING REPORT
            -against-                   AND RECOMMENDATION
                                        07-CV-1869 (JS)(ETB)
ENTEGRIS, INC., d/b/a MYKROLIS
CORPORATION,

                    Defendant.
----------------------------------X
```

APPEARANCES:
For Plaintiff:      James W. Weller, Esq.
                    Nixon Peabody LLP
                    50 Jericho Quadrangle, Suite 300
                    Jericho, NY 11753

                    H. Michael Hartmann, Esq.
                    Jeremy C. Lowe, Esq.
                    Mark E. Phelps, Esq.
                    Leydig, Voit & Mayer, Ltd.
                    Two Prudential Plaza
                    180 North Stetson Ave., Suite 4900
                    Chicago, IL 60601-6780

For Defendant:      John T. Montgomery, Esq.
                    Ropes & Gray LLP
                    One International Place
                    Boston, MA 02110

SEYBERT, District Judge:

   The Court is in receipt of Magistrate Judge E. Thomas Boyle's Report and Recommendation, dated October 9, 2007 ("Report and Recommendation"). Presently pending before the Court is Defendant and Counterclaim Plaintiff Entegris Inc.'s ("Entegris") objections, dated October 23, 2007, to Magistrate Judge Boyle's recommendation that the Court (1) deny Entegris' motion for a default judgment on its counterclaims, (2) grant Plaintiff and Counterclaim Defendant Pall Corporation's ("Pall") motion for leave

to file a reply to Entegris' counterclaims out-of-time and (3) deem Entegris' motion to strike portions of Pall's reply moot. On November 2, 2007, Pall submitted a response to Entegris' objections and in support of the Report and Recommendation.

## BACKGROUND

As clearly and thoroughly set forth in the Report and Recommendation, Pall commenced this patent infringement action on May 4, 2007. On June 7, 2007, Pall filed an Amended Complaint, which Entegris answered on June 8, 2007. Along with its Answer, Entegris asserted three counterclaims against Pall. Although Pall's reply to Entegris' counterclaims was due no later than July 2, 2007, Pall did not respond to such counterclaims. Accordingly, Entegris filed a motion for entry of a default judgment on August 1, 2007. On August 6, 2007, the Clerk of the Court certified that Pall had failed to answer or otherwise respond to Entegris' counterclaims. That same day, however, Pall filed a motion for leave to file a late reply to Entegris' counterclaims and also opposed Entegris' motion for a default judgment.

This Court referred the motions to Magistrate Judge Boyle for a Report and Recommendation. Subsequently, Entegris filed a motion to strike portions of Pall's reply brief to its motion for leave to file a late answer. On September 13, 2007, the parties appeared before Judge Boyle for oral argument. At that time, Judge Boyle afforded Entegris the opportunity to submit a sur-reply in

response to Pall's reply and in further opposition to Pall's motion for leave to file a late answer. Entegris filed such sur-reply on September 21, 2007, and Judge Boyle considered such submission in rendering his Report and Recommendation.

## DISCUSSION

I. Standard Of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. See FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C); see also Fed. R. Civ. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested

sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

Entegris objects to the Report and Recommendation "because it failed to consider any alternative form of relief raised by Entegris." (Entegris' Obj. 2.) Although Entegris indicates in its introductory paragraph that it objects to each part of the Report and Recommendation for the reasons set forth in its memorandum, Entegris fails to make any specific objections to the ultimate recommendations made by Judge Boyle; namely, that the Court deny Entegris' motion for a default judgment, grant Pall's motion for leave to file a reply to Entegris' counterclaims out-of-time, and deem the motion to strike portions of Pall's reply memorandum moot. (Id. at 2.) Rather, in the body of the memorandum, Entegris argues that the Court should modify the Report and Recommendation by (1) granting Entegris attorneys' fees and costs incurred in connection with the three pending motions and (2) limiting Pall's claims and defenses to the one filter depicted in the declarations of Messrs. Richard C. Stoyell and Stephen Geibel. These exact arguments, however, were made to Magistrate Judge Boyle. (Entegris' Sur-reply to Pall's Mot. for Leave to File its

Reply to Entegris' Counterclaims Out-of-Time 5-7.)

Since Entegris' objections to Judge Boyle's ultimate recommendations as to the disposition of the three motions are either general or conclusory in nature, the Court reviews them only for clear error. Having reviewed the Report and Recommendation, the Court finds it to be thoroughly and clearly analyzed, with no clear errors of fact or law. The Court, therefore, ADOPTS the Report and Recommendation with respect to the ultimate disposition of the three motions.

The Court will, however, engage in a _de novo_ review of whether Entegris should be granted alternative relief; namely, an award of attorneys' fees and costs and limitation of Pall's claims and defenses as it appears that Magistrate Judge Boyle did not consider such arguments in rendering the Report and Recommendation. (Report and Recommendation 10 n.6.) Under the _de novo_ standard, the Court will make an independent determination of the relevant issue, giving no deference to any previous resolution of such issue. See _Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc._, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entirety of the record. See Fed. R. Civ. P. 72(b).

II. <u>Attorneys' Fees And Costs</u>

As Entegris correctly points out, this Circuit recognizes "[t]he imposition of conditions as part of granting a Rule 55(c)

motion.'" Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2700, at 170-71 (1998)). In affirming the district court's conditioning a vacatur of default on defendants' posting a bond, the Powerserve court cited to cases from other circuits, one of which conditioned vacatur on payment of attorneys' fees. Powerserve Int'l, 239 F.3d at 515 (citing Nilsson, Robbins, Dalagarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988) (approving conditioning of vacatur on defendant's payment of plaintiff's attorneys' fees)). Furthermore, courts in this Circuit have "consistently" permitted an "award of attorney's fees incurred in bringing the default motion as a condition to vacating a default judgment." Richardson v. Nassau County, 184 F.R.D. 497, 503 (E.D.N.Y. 1999) (conditioning the vactur of default on payment of attorneys' fees and costs incurred in bringing the default motion); see United States Fidelity and Guaranty Co. v. Petroleo Brasileiro S.A., 220 F.R.D. 404, 407 (S.D.N.Y. 2004) (conditioning the denial of a motion for a default judgment on payment of costs and attorneys' fees in brining such motion).

Importantly, an award of attorneys' fees and costs upon vacating an entry of default does not require a finding of wilfulness on the part of the defaulting party. See RLS Assoc., LLC v. The United Bank of Kuwait PLC, No. 01-CV-1290, 2002 U.S.

6

Dist. LEXIS 1371, at *23 (S.D.N.Y. Jan. 29, 2002) ("because UBK's negligence . . . caused RLS the unnecessary burden of applying for default judgment, RLS may recover from UBK the costs incurred as a result of the default, including an allowance for attorney's fees reasonably incurred in this regard"). Rather, the "power to impose a reasonable condition on the vacatur" allows the Court to balance any "undue prejudice" to the movant against this Circuit's "preference for resolving disputes on the merits." Powerserve Int'l, 239 F.3d at 514, 515. Vacatur of a "default may prejudice a litigant in a number of ways, including by providing greater opportunity for fraud and collusion." Id. at 515 (internal quotation marks and citations omitted).

As outlined in the Report and Recommendation, Pall's "failure to respond to Entegris' counterclaims occurred as a result of an inadvertent mistake by Pall's outside counsel, . . . including three of the attorneys being involved in other litigation, . . . international travel (see Pl. Ex. 9, ¶ 6), and the deployment of one attorney's son to Iraq, as well as the unfortunate passing of that same attorney's mother, at or around the time that Pall's response . . . was due." (Report and Recommendation 5.) Furthermore, unlike a majority of the cases in which vacatur was conditioned on an award of attorneys' fees and costs, this case does not involve an extended period of wasted time or disregard of court orders. See Powerserve Int'l, 239 F.3d at

7

511-12 (involving an approximately one-year delay and disregard of various court orders); Richardson, 184 F.R.D. at 499-500 (awarding attorneys' fees where defaulting party disregarded a discovery order for over six months and failed to appear for multiple court conferences, without explanation); RLS Assoc., 2002 U.S. Dist. LEXIS 1371, at *23 (explaining that, while the four-month delay in defending the action did not prejudice Plaintiff in an amount sufficient to warrant denial of relief from default, it did warrant recovery of attorneys' fees and costs incurred). Indeed, only one month elapsed between the date on which Pall should have responded to Entegris' counterclaims and the motion for default. Additionally, Pall opposed the motion for default and moved for leave to file out-of-time less than one week after the motion for default was filed and on the same day the Clerk of the Court entered the default. Moreover, at the time, discovery had not yet commenced. These facts do not suggest that vacating Pall's default will prejudice Entegris or lead to "greater opportunity for fraud and collusion." Powerserve Int'l, 239 F.3d at 515. While this Court does not condone Pall's carelessness and recognizes that, were it not for Pall's negligence, Entegris would not have had to engage in motion practice, the Court finds that an award of attorneys' fees and costs is not warranted under the circumstances.

III. Limitation Of Pall's Claims And Defenses

Entegris also urges this Court to modify the Report and

Recommendation by limiting Pall's claims and defenses to the one photographed filter depicted in declarations submitted by Mr. Stoyell. (Entegris' Obj. 5.) Entegris argues that because Pall presented evidence of infringement with respect to only the one filter, it must be deemed to have no meritorious defense for any other filter.

As an initial matter, Entegris cites no case law supporting its proposition.[1] Additionally, although Entegris correctly notes that the burden to present evidence of a meritorious defense falls on Pall, Entegris incorrectly contends that this burden was implicated "[u]pon the entry of default judgment." (Entegris' Obj. 5.) A default judgment had not yet been filed in this case; an entry of default had been made, for which the standards are more lenient. See Boster v. Braccia, No. 06-CV-4756, 2007 U.S. Dist. LEXIS 15790, at *2 n.1 (E.D.N.Y. March 6, 2007) ("The standard for setting aside an entry of default pursuant to Rule 55(c) is 'lenient' and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b).") (citing Am. Airlines Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996) and Meehan v. Snow, 652 F.2d 274, 277

---

[1] To be sure, Entegris does cite to a case, Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320-21 (2d Cir. 1986), but this case in no way supports a finding that Pall's claims and defenses should be limited to the one filter presented. Id. (explaining that a party moving to "reopen a default must support its general denials with some underlying facts") (emphasis added).

9

(2d Cir. 1981); Chavez v. Best Margarita's Mexican Grill, 2007 U.S. Dist. LEXIS 60988, at *3 (W.D.N.Y. Aug. 20, 2007) ("Rule 55(c) of the Federal Rules of Civil Procedure (FRCvP) provides that '[f]or good cause shown the court may set aside an entry of default'. This 'good cause' standard is broader and more liberal than the standards and considerations under FRCvP 60(b), which is not implicated herein because no final order or default judgment has been filed.") (emphasis in original).

As set forth more comprehensively in the Report and Recommendation, and as adopted by this Court, Pall does more than simply depict one filter in establishing a meritorious defense. Among other things, Pall submits that it has been issued certain patents by the United Stated Patent and Trademark Office, which are presumptively valid. In further support of this defense, Pall submits the declarations of Messrs. Stoyell and Geibel, in which the photograph of the one filter is included. Additionally, Pall cites to the defenses it has asserted in a related patent infringement case, Pall Corp. v. Cuno, Inc., 03-CV-0092. In sum, the Court concludes, as did Judge Boyle, that Pall has met its burden in providing "a hint of a suggestion" of a complete defense. Weisel v. Pischel, 197 F.R.D. 231, 238 (E.D.N.Y. 2000).

For these reasons and the reasons previously discussed, the Court finds that the circumstances do not support sanctioning Pall by way of limiting its claims and defenses.

## CONCLUSION

Magistrate Judge Boyle, in his thorough and well-reasoned opinion, recommended that the Court (1) deny Entegris' motion for a default judgment, (2) grant Pall's motion for leave to file a reply to Entegris' counterclaim out-of-time, and (3) deem Entegris' motion to strike portions of Pall's reply to its motion for leave to file a late answer moot. For the reasons set forth above, the Court hereby ADOPTS Judge Boyle's Report and Recommendation in its entirety and DENIES Entegris' request to modify the Report and Recommendation in any way.

Accordingly, the Clerk of the Court is directed to VACATE the Clerk's entry of default. The Answer to Entegris' counterclaims, attached as Appendix A to Pall's memorandum of law in support of its motion for leave to file out of time, is deemed timely filed as of the date of this Order. Finally, the Clerk of the Court is directed to transfer this case to the Honorable Roslynn R. Mauskopf as related to 03-CV-0092 and 97-CV-7599.

SO ORDERED.

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February 13, 2008