UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PALL CORPORATION,

                              Plaintiff(s),                      ORDER

     -against-                                               CV 07-1869 (RRM) (ETB)

ENTEGRIS, INC.,

                              Defendant(s).
------------------------------------------------------------------------X

        For the reasons set forth in the April 3, 2009 decision by Judge O'Toole, <u>Entegris, Inc. v. Pall Corp.</u>, 03-10392-GAO (D. Mass.), the application by the plaintiff, Pall, for a protective order, which would permit its litigating counsel to use "highly confidential" designated disclosures to participate in any post-issuance activity, including any reexamination or reissue proceedings before the United States Patent Office involving the patents involved herein, is denied and Entegris' wording is hereby adopted.

        There does not appear to be any dispute that there may be overlapping relevant discovery in both districts, since the parties and the patents involved are identical. In the absence of similar provisions, there is a very real possibility that highly confidential materials - not subject to the protective order here in New York - would be subject to the protective order in Massachusetts. This is not a desirable result.

        This result is easily avoided. As noted by Judge O'Toole, the hardship to Pall is <u>de minimus</u>. The Washington, D.C. office of Pall's counsel, Leydig, Voit and Mayer, has assumed prime responsibility for representation of Pall before the United States Patent Office and litigating counsel is from the law firm's Chicago office. The change means simply that litigating

counsel would no longer be available to consult with its Washington office. This is a modest adjustment which will assure the court and Entegris that highly confidential disclosures will not be inadvertently used for purposes other than this litigation.

     Accordingly, Pall's application is denied and the application of Entegris is hereby granted. Entegris is directed to submit its version for signature within five (5) days.


SO ORDERED:

Dated: Central Islip, New York
       April 8, 2009

                                  /s/ E. Thomas Boyle
                                  E. THOMAS BOYLE
                                  United States Magistrate Judge